POLANCO, PLAINTIFF AND APPELLANT, v. GOFFINET ET AL.,
DEFENDANTS AND APPELLEES.

Appeal from the District Court of Humacao in an Action to
Annul Foreclosure Proceedings.

No. 1800.—Decided April 25, 1918.

FORECLOSURE—RETENTION OF PROCEEDS.—The retention of all or a part of the
amount which should be delivered to the mortgagee in a foreclosure pro-
ceeding must be ordered by the court after considering the documents pre-
sented, and it is the province of the court to decide whether or not the
reasons alleged are sufficient to justify the retention.

ID.—ID.—GUARANTY.—The previous and sufficient guaranty referred to under
the last subsection of article 175 of the Regulations for the execution of the
Mortgage Law should be required to answer for interest on account of delay
and compensation for any other loss or damage which the creditor may be
caused when the petitioner is not known to be sufficiently solvent.

ID.—ID.—ID.—SOLVENCY OF DEBTOR.—When the insolvency of a debtor is alleged
it is incumbent upon the debtor himself and not upon the creditor to prove
to the court that he is known to be sufficiently solvent.

ID.—ID.—ATTACHMENT—SECURITY.—The act of 1902 to secure the effectiveness
of judgments, and not the Mortgage Law, determines whether or not security
must be given for levying an attachment on property in an action for
damages arising from a foreclosure proceeding, and the said act of 1902
provides that security shall not be required only when it is shown by means
of an authentic document that the obligation may be legally enforced.

The facts are stated in the opinion.

Messrs. Sarmiento, Rodríguez Serra and Puig for the ap-
pellant.

Mr. Lorenzo Jiménez García for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On October 9, 1917, José Jacinto Nicolás Polanco filed a
verified complaint in the District Court of Humacao against
August and Constant Goffinet, praying that a certain mort-
gage created by the plaintiff on a property belonging to him
in favor of the defendants be adjudged ineffective and in-
subsistent; that the foreclosure proceedings brought by the
defendants against the plaintiff to recover the amount of the
mortgage be adjudged null and void, and that the defendants
be adjudged to pay to the plaintiff the sum of $10,500 as dam-
ages caused him by the foreclosure.

Together with the said complaint José Jacinto Nicolás Polanco filed in the said court a motion for an attachment to secure the effectiveness of the judgment which might be rendered in his favor, praying that in case of a forced sale of the mortgaged property in the foreclosure proceedings the marshal of the court be ordered to retain the whole of the proceeds of the sale and any other sum which the mortgagees should receive until the termination of the action, and also that an attachment be levied on property of the defendants in the sum of $10,500, or, in lieu thereof, that they be required to furnish good and sufficient security to answer for the satisfaction of any judgment which the court might render for the plaintiff.

It is to be observed that the indemnity of $10,500 for damages is not based upon the retention of the proceeds to be obtained from the sale of the mortgaged property, but upon the prosecution of the foreclosure proceedings for the recovery of the amount of the mortgage, and that the motion for the retention and attachment contains no allegation whatever that the mover was known to be sufficiently solvent.

By an order of October 10, 1917, the court granted the attachment and as a consequence ordered the marshal to retain the proceeds of the sale and levy the attachment as prayed for.

The defendants, who had not entered an appearance nor had been summoned personally, appeared on October 23, 1917, and moved to set aside the order of October 10 on the ground that it was made without the requirement of security to indemnify them for such damages as they might suffer and without first having shown the solvency of the plaintiff, which was not even alleged in the motion for an attachment and was positively denied by the defendants, thus violating article 175 of the Regulations for the execution of the Mortgage Law; that in granting the attachment for $10,500, the court also violated section 4 of the Act to secure the effectiveness of judgments which relieves the mover from giving a bond

only when it is clearly shown by means of an authentic document that the obligation may be enforced, and this is not the case here in regard to the damages claimed.

After a hearing on the said motion of the defendants, on November 17, 1917, with the acquiescence of the parties, the court ordered that the plaintiff should give a bond of $3,000 to reimburse the defendants for the damages which they might suffer in case the action were decided in their favor, allowing the plaintiff three days in which to furnish such bond.

In view of the fact that on December 3, 1917, José Jacinto Nicolás Polanco had not furnished the bond exacted and agreed upon, although more than the time allowed therefor had expired, and that he did not intend to furnish such bond, according to verbal statements made by his attorneys to counsel for the defendants, the latter filed a motion on the same date insisting on their motion of October 23 and praying that the order for the attachment of property of the defendants and the retention of the proceeds of the sale be set aside.

That new motion was fully argued by the parties and on January 23, 1918, the court sustained the same and set aside the order for the retention and attachment of October 10, 1917, unless the plaintiff should give a bond of $3,000 for the retention of the proceeds of the sale in the foreclosure proceedings and of $2,000 for the levy of the attachment on the defendant's property.

The plaintiff appealed from that ruling and assigns the following grounds for its reversal:

1. That the court violated the provisions of section 22 of the Code of Civil Procedure in considering the motion of the defendants made after the expiration of the time prescribed by law.

2. That the court should have overruled the motion because of insufficient grounds.

3. That the court erred in deciding the questions of fact

raised in the motion without giving the appellant an oppor-
tunity to submit evidence in rebuttal of the allegations of
the appellees that the plaintiff was not known to be sufficiently
solvent.

It does not appear that the appellees raised in the lower
court any question regarding the application of section 22 of
the Code of Civil Procedure as amended by the Act of March
8, 1905, which confers upon a district judge the authority to
grant at chambers orders, among others, designed to secure
the effectiveness of the judgment, the party or parties affected
thereby having the right to oppose the same within the five
days following the decision. In any event, in arguing the
motion of the defendants of October 23, 1917, to set aside
the order for the attachment of October 10, 1917, the appel-
lant agreed to furnish a bond for $3,000 to reimburse the
defendants for any damages which they might suffer in case
the action were decided in their favor. The plaintiff did
not comply with that agreement and cannot now undertake
to prevent the defendants from insisting on the setting aside
of the said order for the attachment.

The District Court of Humacao was justified in entering
its order of January 23, 1918, for that order conforms to the
provisions of article 175 of the Regulations for the execution
of the Mortgage Law, which, in so far as pertinent, reads
as follows:

"At the time the complaint is filed (for nullity of title or in fore-
closure proceedings), or during the course of the proceedings, a de-
mand may be made that the effectiveness of the judgment be secured
by the retention of all or of a part of the amount to be delivered to
the execution creditor as a result of the execution proceedings. The
judge shall order this retention in view of the documents which may
be presented, if he deems the reasons advanced to be sufficient. * * *
If the person applying for the adoption of this measure is known
not to be sufficiently solvent, the judge must require him first to
furnish sufficient guaranty to answer for the interest on account
of delay and compensation for any other loss or damage which the
creditor may be caused."

As is seen, the retention of all or part of the amount to be delivered to the mortgagee as a result of the foreclosure proceedings must be ordered by the court in view of the documents which may be presented, and it is its duty to determine whether or not the reasons alleged for the retention are sufficient. The prior and sufficient guaranty alluded to in the last part of the section cited should be required to answer for the interest on account of delay and compensation for any other loss or damage which the creditor may be caused when the debtor is not known to be sufficiently solvent. The sufficient and notorious solvency of José Jacinto Nicolás Polanco, which was not even alleged by him, was denied by the defendant creditors and at the hearing on the motion debtor Polanco had an opportunity to show that he was known to be sufficiently solvent. He did not take advantage of this opportunity and cannot now be heard to complain that the Humacao court, in the exercise of its authority, determined that he was not known to be sufficiently solvent and required him to furnish a bond for $3,000 in order to secure the retention.

It is true that the order of October 10, 1917, granted the attachment without requiring any security, but that order was made without hearing the defendants, who had not entered an appearance, and before the solvency of the debtor Polanco was questioned. After his solvency was denied it was incumbent upon the debtor and not upon the creditor to prove to the court his notorious and sufficient solvency.

In order to determine whether or not the bond for $2,000 was properly required for levying the attachment on the defendants' property, we should not be guided by any of the provisions of the Mortgage Law, but by the Act to secure the effectiveness of judgments of March 1, 1902, inasmuch as the action involves a claim for damages which, as we have stated, were not caused by the retention of the proceeds of the sale, but by the prosecution of the foreclosure proceedings by August and Constant Goffinet against Polanco, the

damages being estimated at $10,500. The said act relieves the petitioner from giving bond if it is clearly shown in an authentic document that the obligation is enforceable, and the obligation to pay the damages claimed in this case is not shown in an authentic document and has not been acknowledged by the defendants. The right to and measure of such damages will be determined by the court at the proper time.

In order that the court may grant an attachment without bond it must clearly appear from an authentic document that the obligation is enforceable, which means not only that the documents on which the motion is based are authentic, but that they are such that the court may easily determine therefrom that the obligation really exists and may be enforced. *Avalo* v. *Porrata et al.*, 19 P. R. R. 19. Such requirements have not been met in the present case.

For the foregoing reasons the order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.